CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 17 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ANDREW WOLTERS, <br> Plaintiff, | ) ) ) | Civil Action No. 7:13-cv-00009 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| U.S. DEPT. OF JUSTICE, et al., <br> Defendants. | ) ) ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Andrew Wolters, a federal inmate proceeding pro se, filed a civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested in 28 U.S.C. § 1331. Plaintiff names as defendants the United States Department of Justice; Eric Holder, the Attorney General of the United States; and C. Zych, Warden of the United States Penitentiary in Lee County, Virginia. Plaintiff did not pay the $350 filing fee and asks to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a), 1915.

I previously warned plaintiff that he had at least three non-habeas civil complaints or appeals previously dismissed as frivolous, as malicious, or for failing to state a claim upon which relief may be granted. Wolters v. Holder, No. 7:12-cv-00056, slip op. at 1 (W.D. Va. July 3, 2012) (citing Wolters v. Federal Bureau of Prisons, No. 10-30717, slip op. at 1-2 (5th Cir. Jan. 11, 2011) (appeal dismissed as frivolous); Wolters v. Federal Bureau of Prisons, No. 08-cv-0837, slip op. at 1 (W.D. La. July 5, 2010) (action dismissed with prejudice as frivolous and for failing to state a claim upon which relief may be granted); Wolters v. Hunter, No. 1:07-cv-02290, slip op. at 4 (D. Colo. Mar. 2, 2009) (dismissing action with prejudice for failing to state a claim upon which relief may be granted)). See Henslee v. Keller, 681 F.3d 538 (4th Cir. 2012) (prohibiting a district court dismissal from being considered a strike while the dismissal may be appealed). In accordance with the three-strikes provision of 28 U.S.C. § 1915(g), plaintiff was advised that he needed to submit the $350.00 filing fee or establish an imminent threat of serious

physical harm to proceed with a civil suit once he accumulates three "strikes," pursuant to 28 U.S.C. § 1915(g). Wolters v. Federal Bureau of Prisons, No. 10-30717, slip op. at 2.

After reviewing plaintiff's allegations about past events, it is clear that plaintiff does not establish that he is currently under any imminent danger of any serious physical injury. Plaintiff filed this action while incarcerated in Pennsylvania and cannot show an imminent danger in Pennsylvania about past events that occurred in Virginia. See, e.g., Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient to trigger th[e] exception to § 1915(g). . . ."). Plaintiff fails to relate any allegedly poor medical care in Pennsylvania to Warden Zych, Eric Holder, or the Department of Justice. See FDIC v. Meyer, 510 U.S. 471, 484-86 (1994) (refusing to find a Bivens remedy against a federal agency); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978) (refusing to permit respondeat superior as a basis for supervisory liability). Accordingly, I dismiss the action without prejudice for plaintiff's failure to pay the filing fee at the time of filing the complaint. See, e.g., Dupree v. Palmer, 284 F.3d 1234, 1237 (11th Cir. 2002) (reasoning that the filing fee is due upon filing a civil action when in forma pauperis provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee if plaintiff is ineligible to proceed in forma pauperis).

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

ENTER: This 17th day of January, 2013.

*Jackson L. Kiser*
Senior United States District Judge